UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CRIMINAL ACTION NO. H-06-0090 |
| | § | |
| TOMMY JACKSON, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

Pending before the Court is Defendant's Motion to Suppress (Docket # 13). Defendant seeks to exclude evidence discovered during a December 9, 2005 search of his residence, on the ground that the search warrant was invalid. Having considered the parties' briefs, and the parties' having appeared for a hearing on the motion on May 19, 2006, Defendant's motion is **DENIED**.

Defendant first contends that the search warrant was invalid because the issuing magistrate did not read the supporting affidavit or conduct an independent examination into the existence of probable cause. Defense counsel stated, at the May 19, 2006 hearing, that he spoke to the magistrate who issued the warrant, and that the magistrate stated that he had not read the affidavit accompanying the search warrant, but rather, issued the warrant based on what he had been told by the law enforcement officers seeking the warrant. Defendant has produced no affidavit or declaration from the magistrate, however, nor any other evidence that the magistrate failed to read the affidavit. The United States contends, in its response to Defendant's motion, that the magistrate has said that he read the affidavit.

Even if Defendant had presented competent evidence that the magistrate failed to read the supporting affidavit, this would not be enough to invalidate the warrant or render the resulting

search unreasonable.  First, a magistrate's reliance on an officer's oral description of probable cause, rather than the written affidavit accompanying the warrant, does not, by itself, demonstrate that the magistrate "wholly abandoned his judicial role."  *See United States v. Cherna*, 184 F.3d 403, 407 (5th Cir. 1999) (quotation omitted); *see also Lo-Ji Sales, Inc. v. New York*, 442 U.S. 319, 327 (1979) (finding that a magistrate who had issued a warrant had abandoned his neutral and detached role by accompanying officers on their search and acting as an "adjunct law enforcement officer").

Additionally, the facts and details provided in the affidavit accompanying the warrant in this case are more than sufficient to establish probable cause.  As the government accurately points out, the affidavit details the extensive law enforcement training and experience of the affiant, the investigation undertaken in this case, the credibility and experience of the source of information (SOI) used in the investigation, the specific information reported by the SOI, and the affiant's own observations corroborating the SOI's information.  Thus, the affidavit contained sufficient "indicia of probable cause," such that the executing officers' "objective good-faith belief in the warrant's validity was appropriate."  *United States v. Maggitt*, 778 F.2d 1029, 1034-35 (5th Cir. 1985).  The good-faith exception to the exclusionary rule therefore applies, and the evidence obtained from the search of Defendant's residence will not be excluded.  *See United States v. Cavazos*, 288 F.3d 706, 709 (5th Cir. 2002) ("The good-faith exception provides that where probable cause for a search warrant is founded on incorrect information, but the officer's reliance upon the information's truth was objectively reasonable, the evidence obtained from the search will not be excluded."); *see also United States v. Leon*, 468 U.S. 897, 919-20 (1984).

Defendant also contends that the search warrant was defective because it was issued by a Justice of the Peace, and that article 18 of the Texas Code of Criminal Procedure provides that

2

evidentiary search warrants cannot be issued by a Justice of the Peace. This is incorrect. Here, the warrant authorized a search for the controlled substance methamphetamine, as well as associated records, currency, papers, and other items constituting evidence of the possession, illegal manufacture, and distribution of methamphetamine, in accordance with Texas Code of Criminal Procedure, article 18.02(7). Although warrants issued for the search of contraband subject to forfeiture under article 18.02(12) may not be issued by a Justice of the Peace, *see* Texas Code of Criminal Procedure, article 18.01(h), no similar restriction has been placed upon warrants issued under article 18.02(7). Rather, any magistrate may issue a warrant for the search of controlled substances and related paraphernalia under article 18.02(7). *Wall v. State*, 878 S.W.2d 686, 688-89 (Tex. App.—Corpus Christi 1994, pet. ref'd) (holding that warrants for the search of illegal drugs, or for property that cannot legally be possessed, may be issued by any magistrate, including a Justice of the Peace). That the search warrant in this case was issued by a Justice of the Peace does not render the warrant invalid, nor does it require the exclusion of the evidence resulting from the search of Defendant's residence. Defendant's Motion to Suppress is therefore **DENIED**.

    **IT IS SO ORDERED**.

    **SIGNED** this 25th day of May, 2006.

    KEITH P. ELLISON
    UNITED STATES DISTRICT JUDGE

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT**